UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------------X
LAMAR SIMMONS,

                               Plaintiff,

        -against-

RESOURCES FOR HUMAN DEVELOPMENT, INC.;
TAJUANA EVANS (*individually*);
ERIC HARRINGTON (*individually*);
CHERYL BAILEY (*individually*);
BONNIE GASKINS (*individually*); and
TRACI NESMITH (*individually*)

                              Defendants.
------------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiff, LAMAR SIMMONS, as and for his Complaint against the above Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA")[1], 42 U.S.C. Fair Labor Standards Act ("FLSA") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his disability, subjected to a hostile work environment on the basis of the same, and retaliated against by his employer for complaining of harassment and discrimination. Plaintiff also seeks to recover unpaid overtime in this action.

---

[1] As Plaintiff's related claims under the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO") are not yet ripe, Plaintiff reserves the right to amend his Complaint to include those causes of action once they are available to him.

## JURISDICTION AND VENUE

1. This action involves a Question of Federal Law under the Americans with Disabilities Act of 1990. This court has supplemental jurisdiction over the State and City causes of action.

2. Venue is proper in this district based upon Defendants' place of business within the County of Philadelphia in the Commonwealth of Pennsylvania within the Eastern District of Pennsylvania.

3. Additionally, the events took place in Philadelphia, Pennsylvania within the Eastern District of Pennsylvania, 28 U.S.C §1391(a) and that Plaintiff lives in the County of Philadelphia, in the Commonwealth of Pennsylvania.

4. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or around December 10, 2018

5. Plaintiff received a dismissal and a right to sue notice from the Equal Employment Opportunity Commission, dated January 28, 2019.

6. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of the right to sue notice.

7. As Plaintiff dual filed his charge of discrimination with the Pennsylvania Human Relations Commission, and the charge of discrimination was filed less than one year ago.

## PARTIES

1. Plaintiff LAMAR SIMMONS (hereinafter also referred to as Plaintiff and/or "SIMMONS") is an African American male who is a resident of the City of Philadelphia in the Commonwealth of Pennsylvania. Plaintiff has been diagnosed with neurologically-

based processing problems which include Attention Deficit Hyperactivity Disorder ("ADHD").

2. Defendant RESOURCES FOR HUMAN DEVELOPMENT, INC. (hereinafter also referred to as Respondent and/or "RHD") is a domestic non-profit business corporation duly existing under the laws of the Commonwealth of Pennsylvania.

3. At all times material, Plaintiff was employed by Respondent RHD.

4. RHD has a corporate headquarters located at 4700 Wissahickon Avenue, Suite 126, Philadelphia, PA 19144

5. Defendant(s) TAJUANA EVANS, ERIC HARRINGTON, CHERYL BAILEY, BONNIE GASKINS and TRACI NESMITH are each an individual Defendant that at all times material worked as an agent and employee of RHD. Additionally, at all times material each individual Respondent had supervisory power over Plaintiff. Hereinafter, all Defendants will be referred to collectively as Defendants.

## MATERIAL FACTS

8. On or around May 7, 2018, Plaintiff began his employment with Defendant as a Behavioral Health Therapist treating clients with Drug and Alcohol addictions.

9. Plaintiff suffered from attention deficit disorder ("ADD") as well as a learning disability.

10. Plaintiff's disability, ADD, interfere's with Plaintiff's major life function of thinking concentrating, and has an impact on his work because of the concentration issues.

11. In addition to the ADD, Plaintiff also suffers from a learning disability, which affects his reading and writing.  This causes some limitation on Plaintiff because it can take him additional time to complete extensive reading and writing tasks.

12. As a result of Plaintiff's diagnosis, at times it caused Plaintiff to take additional time while writing documents as well as created some problems with his reading comprehension.

13. If Plaintiff fell behind in his work, the additional stress would only exacerbate his symptoms.

14. In order for Plaintiff to continue to do his work effectively, Plaintiff requested reasonable accommodations.

15. About thirty (30) days after Plaintiff began his employment with Defendant he requested reasonable accommodations to help him fulfill his job responsibilities adequately.

16. Plaintiff asked for the following accommodations:

    i. Hard Copies of information discussed during verbal presentations;

    ii. Access to Respondents' policies and procedures;

    iii. A Low Distraction Work Room;

    iv. A laptop computer;

    v. Bi-weekly supervision; and

    vi. Templates of any paperwork or forms Plaintiff needed to complete.

17. Plaintiff was not accommodated; even though Plaintiff's requests were reasonable and would not have created an undue burden of Defendants.

18. Defendant patently denied Plaintiff's requests for accommodations and failed to engage in the interactive process with Plaintiff.

19. Instead, Defendant TAJUANA EVANS ("EVANS") began to harass Plaintiff.

20. EVANS told Plaintiff he was spending too much time in low distraction work areas. EVANS also published Plaintiff's written request for accommodations to Plaintiff's co-workers, and to clients.

21. Thereafter, Plaintiff's co-workers began to treat him negatively. On at least one occasion, one of Plaintiff's co-workers called Plaintiff "crazy."

22. Plaintiff's co-workers began targeting Plaintiff because of his known disability since Defendant EVANS made the staff aware of Plaintiff's request for accommodations.

23. Plaintiff repeatedly requested the same accommodations to no avail.

24. All of the named individual Defendants were aware of Plaintiff's requests. Instead of accommodating Plaintiff, Defendants wrote Plaintiff up for performing poorly despite the fact that the accommodations would have substantially assisted Plaintiff in completing his work.

25. In addition to the fact that Defendants refused to accommodate Plaintiff, it was causing Plaintiff to work substantial overtime in an effort to complete his work due to the lack of accommodations.

26. When Plaintiff placed the true hours worked on his time sheets, he was told that he would not be paid overtime.

27. Plaintiff worked approximately three hundred seventy hours of overtime and was never paid for those hours.

28. Plaintiff was forced to work these additional hours, because Defendants failed at all times to provide Plaintiff with any of the requested accommodations.

29. Plaintiff repeatedly reported that he was being singled out as a result of his disability and retaliated against because of his continued requests for accommodations.

30. Plaintiff requested accommodations from each of the named individual Defendants and Defendants failed to engage in the interactive process or to provide Plaintiff with the requested accommodations.

31. Defendants' inexcusable treatment of Plaintiff led Plaintiff to become distressed and fear that he would be fired.

32. Shortly, after Plaintiff made his final internal complaint and days after Plaintiff filed Plaintiff's initial claim with the EEOC Defendant terminated Plaintiff.

33. Plaintiff's termination was a direct retaliation for engaging in a protected activity by reporting the discrimination and for requesting accommodations.

34. At all times material, Defendants were further retaliating against Plaintiff due to his ongoing disability, and reports of retaliation due to his disability by failing to accommodate Plaintiff and reprimanding Plaintiff instead.

35. Because Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

36. The above are just some examples of some of the discrimination and retaliation to which Defendant subjected Plaintiff.

37. Defendant have exhibited a pattern and practice of not only discrimination but also retaliation.

38. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

41. The above are just some examples, of some of the discrimination to which Respondents subjected Plaintiff.

42. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint

44. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter I, § 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

45. Defendants engaged in an unlawful discriminatory practice by discriminating against and harassing Plaintiff because of his disabilities.

46. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE
## AMERICANS WITH DISABILITIES ACT

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter IV, § 12203, states: "(a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

49. Defendants engaged in an unlawful discriminatory practice by discriminating against and retaliating against Plaintiff because of Plaintiff's opposition to Defendants' unlawful employment practices.

50. As such, Plaintiff has been damaged as set forth herein.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT OF 1938,
## AS AMENDED 29 U.S.C. § 201, *et.seq.*

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Defendants RHD are "employers" within the meaning of the Fair Labor Standards Act.

53. Defendants decided that Plaintiff would not be paid for overtime worked in excess of forty (40) hours per week.

54. Plaintiff worked approximately three hundred seventy (370) hours of overtime and was never paid by Defendants.

55. Plaintiff put Defendants on notice that he was working exorbitant overtime because Defendants failed to accommodate Plaintiff's disability.

56. Defendants at all times deliberately failed to pay Plaintiff for the overtime hours that he worked.

57. Plaintiff was earning approximately $20.81 per hour.

58. As such Plaintiff has been damaged as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Defendants engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injurious result to Plaintiff, as set forth herein.  The conduct was extreme and outrageous and an abuse of authority and position of Defendants.  The above-described conduct was intended to cause severe emotional distress,  or was done in conscious disregard of the probability of causing such distress. This conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected from an employer.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain pain and suffering, extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continues to suffer a loss of earnings and

employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
April 29, 2019

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiffs*

By: _____
Samuel C. Wilson, Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790